**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

|  |  |  |
|---|---|---|
| Michael Shaffer, | : | |
| | : | Civil Action No. 16-5609(RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| Sicklerville Police | : | |
| Department, and | : | |
| Commissioner of Police | : | |
| Department, Sicklerville, | : | |
| | : | |
| Defendants. | : | |

**BUMB,** United States District Judge.

This matter comes before the Court upon Plaintiff's filing of an application to proceed in forma pauperis, and submission of an addendum to the Statement of Claims (ECF No. 4) for his civil rights complaint (ECF No. 1) filed on September 15, 2016. Plaintiff is a state inmate confined at Bayside State Prison, in Leesburg, New Jersey. (ECF No. 1, ¶¶4-5.)

Plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. §§ 1915, 1915A is complete and establishes his inability to prepay the filing fee. (IFP App., ECF No. 4.) Leave to proceed in this Court without prepayment of

fees is authorized, and the Court will grant the IFP application.

I.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b), 1915A

Under 28 U.S.C. §§ 1915(e)(2)(B), 1915A, the Court must review a prisoner's civil complaint and dismiss the action if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

Petitioner's supplement to his Statement of Claims (ECF No. 4 at 4) does not cure the deficiencies in the Complaint described in this Court's Memorandum and Order dated September 23, 2016. (ECF No. 3.) To state a claim against the Commissioner of the Sicklerville Police Department for liability as a supervisor under 42 U.S.C. § 1983, Plaintiff must:

> identify a supervisory policy or practice that the supervisor failed to employ, and then [plead facts showing] that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure.

Barkes v. First Corr. Medical, Inc., 766 F.3d 307, (quoting Sample v. Dieckes, 885 F.2d 1099, 1116 (3d Cir. 1989) [Barkes]

2

reversed on other grounds by Taylor v. Barkes, 135 S.Ct. 2042 (2015).

Plaintiff's Complaint falls short because it does not identify the policy or procedure that created an unreasonable risk of a constitutional violation nor does explain how the Commissioner was aware of but indifferent to that policy or procedure, or that the injury was caused by the failure to implement a particular supervisory practice or procedure.

Petitioner has also failed to plead sufficient facts for the Commissioner's liability for failure to train, including the Commissioner's personal involvement in training the officers who committed the alleged misconduct, how the training was deficient, how that deficiency caused the warrantless search and seizure to occur, and facts supporting the Commissioner's deliberate indifference. See Carter v. City of Philadelphia, 181 F.3d 339, 356 (1999)(quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)).

II. CONCLUSION

For these reasons discussed above and the reasons described in this Court's Memorandum and Order of September 23, 2016 (ECF No. 3), incorporated by reference herein, the Court will dismiss the Complaint without prejudice for failure to state a claim upon which relief may be granted.

**DATED: OCTOBER 17, 2016**

                                      s/RENÉE MARIE BUMB
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**